FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Sep 24, 2019
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNN L. JACKSON,<br>   Petitioner,<br>   v.<br>JEFFREY A. UTTECHT,<br>   Respondent. | No. 2:18-cr-00108-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL** |

Before the Court are Petitioner's Motion for Reconsideration, ECF No. 13, and Motion for Appointment of Counsel, ECF No. 12. Having considered both the motions, the Court denies both the Motion for Reconsideration and the Motion for Appointment of Counsel.

## I. Background

The underlying facts and state court procedural history in this case are extensively laid out in the Court's previous order denying Petitioner habeas corpus relief. *See* ECF No. 10 at 1-5. After he exhausted his state court appeals process, Petitioner timely filed a petition for federal habeas relief under 28 U.S.C. § 2254 in this Court. The Court denied Petitioner federal habeas relief. *See* ECF No. 10. The Court concluded that Petitioner was given a full and fair opportunity litigate his Fourth Amendment claims in state court, and therefore had no basis for that claim. ECF No. 10 at 9. The Court also denied Petitioner's Fifth and Fourteenth

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL** \* 1

Amendment claims under *Miranda*. ECF No. 10 at 12. The Court concluded Petitioner failed to show that the Court of Appeals' decision that he was not "in custody" was not contrary to or an unreasonable application of clearly established federal law. *Id*. The Court further concluded that Petitioner's false evidence claim and prosecutorial misconduct claim were entirely speculative and were, therefore, not appropriate for federal habeas review. *Id*. Finally, the Court concluded that Petitioner failed to establish either prong of an ineffective assistance of counsel claim under *Strickland* and the Court of Appeals' decision was not contrary to or an unreasonable application of clearly established federal law. Id. Accordingly, the Court dismissed Petitioner's Petition for Writ of Habeas Corpus and further denied a certificate of appealability. Shortly thereafter, Petitioner filed the instant motions for reconsideration and for appointment of counsel.

**II. Analysis**

    A. <u>Motion for Reconsideration</u>

Although there is no specific rule governing a motion for reconsideration in the Federal Rules of Civil Procedure, a court will treat a motion filed within 28 days of judgment as filed under Rule 59(e) and a motion filed more than 28 days of judgment as a Rule 60(b) motion. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Reconsideration is a drastic remedy and should be used sparingly "in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Am. Ironworks*, 248 F.3d at 898-99. Instead, a motion for reconsideration should be granted, "absent highly unusual circumstances," only if the court is: (1) presented with new evidence; (2) committed clear error; or (3) if there is an intervening change in the controlling law. *Kona Enterprises*, 229 F.3d at 890. Whether or not to grant reconsideration is committed to the sound discretion

of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

In the context of a motion for reconsideration of a court's denial of federal habeas corpus relief, the court must first determine whether the motion should be construed as a successive habeas petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016). If the motion for reconsideration seeks to raise an argument or ground for relief that was not raised in the initial habeas petition, it may be a successive habeas petition. *Id.* AEDPA bars prisoners from successive habeas petitions unless the claim falls into one of two categories. 28 U.S.C. § 2244(b)(2). First, a successive petition will not be barred if the new claims rely on new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court. *Id.* Alternatively, AEDPA will not bar a successive petition if the new claim is based on facts that could not have been previously discovered through due diligence and the underlying facts would be sufficient to establish that no reasonable factfinder would have found the petitioner guilty of the underlying offense. *Id.* If a petitioner raises a new claim that is not within these two categories, the district court should dismiss the new claims without prejudice to allow the petitioner to move the Court of Appeals for permission to file a successive habeas petition. *Rishor*, 822 F.3d at 492. "However, the district court may proceed to the merits of a [motion to reconsider] that is filed within 28 days and asks the court to correct errors of fact or law." *Id.*

Petitioner's motion raises five claims in his motion for reconsideration. Four of these issues—violations of the Fourth Amendment; invalid consent in violation of the Fifth and Fourteenth Amendments; prosecutorial misconduct in his criminal trial; and ineffective assistance of counsel—were also raised in Petitioner's original petition for habeas corpus relief. *See* ECF No. 10 at 8. Because these are not new claims, they are not automatically barred by AEDPA and the Court may

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL** \* 3

consider the merits of the motion as to these claims. However, Petitioner does not present any new evidence, nor does he argue that the Court made any errors in law or fact or demonstrate any subsequent changes in the law. Instead, Petitioner merely repeats claims that were already addressed—and rejected—by this Court without anything new. Because Petitioner fails to show that the Court's order was based on manifest errors of law or fact or will result in manifest injustice to him, the Court denies Petitioner's motion for reconsideration as to these four claims.

Petitioner's fifth claim in his motion for reconsideration is a new claim. Petitioner essentially posits that the judge in his criminal trial did not have the appearance of being fair and impartial, thus violating his right to a fair trial. ECF No. 13 at 2. However, this claim is barred by AEDPA because it raises a new ground for habeas relief and does not fall into either of the two exceptions. The claim is not based on a retroactive rule of constitutional law, nor does it allege facts that would prevent a reasonable trier of fact from finding him guilty of the underlying offense. *See Rishor*, 822 F.3d at 492. Because it appears that Petitioner has not sought permission to file a successive habeas petition from the Ninth Circuit Court of Appeals, this claim cannot be grounds to grant a motion for reconsideration.

Because Petitioner does not raise any issues of law or fact that are cognizable under a motion for reconsideration, the Court denies Petitioner's motion for reconsideration as to the first four claims in his motion. As to the claim that Petitioner was denied the right to a fair trial, the Court dismisses Petitioner's claim, without prejudice, so that he may seek permission from the Ninth Circuit Court of Appeals to file a successive habeas petition.

B. Motion for Appointment of Counsel

Petitioner has also moved for the appointment of counsel. Petitioner argues that he needs the assistance of counsel because of the complex constitutional issues

raised in his case and because he has difficulty reading and writing for prolonged periods of time due to eye problems. ECF No. 12 at 1.

As a general rule, there is no constitutional right to appointment of counsel in collateral attacks on a state court criminal conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, a petitioner may have a statutory right to appointment of counsel. A petitioner seeking habeas relief under § 2254 may be appointed counsel if the district court judge determines that the petitioner is financially unable to obtain counsel and the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). Under this provision, counsel should be appointed when the "difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel." *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962). However, the decision of whether to appoint of counsel is generally within the district court's discretion; appointment is mandatory only if necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

The Court denies his Motion for Appointment of Counsel. Because the Court is denying Petitioner's Motion for Reconsideration, there is no point in appointing Petitioner counsel because his case will be closed. Even if Petitioner's case were to remain open, he has failed to show that appointment of counsel would be necessary to prevent due process violations or to ensure that he is provided with a fair and meaningful hearing. Accordingly, the Court denies Petitioner's Motion for Appointment of Counsel.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's adverse ruling on his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing f the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL** * 5

this standard when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Boyer v. Chappell*, 793 F.3d 1092, 1106 (9th Cir. 2015) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). Petitioner has not made such a showing.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Motion for Reconsideration, ECF No. 13, is **DENIED**.
2. Plaintiff's claim that he was denied the right to fair trial is **DISMISSED WITHOUT PREJUDICE** as a second or successive habeas claim pursuant to 28 U.S.C. § 2244(b)(2).
3. Petitioner's Motion for Appointment of Counsel, ECF No. 12, is **DENIED**.
4. The Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 24th day of September 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL** * 6